UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORI A. PITTMAN, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:06-CV-067 RM |
| SOUTH BEND COMMUNITY SCHOOL CORPORATION, | ) |
| Defendant | ) |

OPINION and ORDER

On January 24, 2006, Ms. Pittman filed a complaint against the South Bend Community School Corporation alleging that in terminating her employment South Bend School violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and state harassment and defamation laws. South Bend School has filed a motion for summary judgment, to which Ms. Pittman has not filed a response. For the following reasons, this court grants defendant's motion.

Summary judgment is appropriate when "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether a genuine issue of material fact exists, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). There is no genuine issue of material fact when a rational trier of fact could not find for the nonmoving party even when the record as a whole is viewed in the light most favorable to the nonmoving party. O'Neal v. City of Chicago, 392 F.3d 909, 910-911 (7th Cir. 2004). "The mere existence of an alleged factual dispute will not defeat a summary judgment motion; instead, the nonmovant must present definite, competent evidence in rebuttal." Butts v. Aurora Health Care, Inc., 387 F.3d 921, 924 (7th Cir. 2004). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'." (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)). Moreover,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Ms. Pittman represents herself, but the standard for reviewing a summary judgment motion is the same regardless of whether a party was represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

Because the facts set out by South Bend School Corporation in its summary judgment motion are uncontroverted by a response, they are assumed to be true. N.D. IND. R. 56.1; *see also* Flynn v. Sandahl, 58 F.3d 283, 288 (7th Cir. 1995) ("the ... effect of a non-movant's failure to respond to a motion for summary judgment is that it constitutes an admission by the non-movant that there are no disputed issues of genuine fact."). Ms. Pittman's lack of response does not automatically render summary judgment appropriate. FED. R. CIV. P. 56(e). South Bend School Corporation must still show itself to be entitled to judgment under the law, and for the reasons that follow, the court finds it has done so.

The uncontroverted facts of this case are as follows. Ms. Pittman is an African-American woman who was employed by the South Bend School Corporation as a custodian. In January 2004, she transferred to Clay High School, where her husband, Milton Pittman, already was working as a custodian. Dr. Ruth Warren, the principal of Clay High School, spoke with Ms. Pittman before the transfer and expressed her

concern about married couples working together. Nevertheless, Dr. Warren didn't prevent Ms. Pittman's transfer.

Before her transfer to Clay, Ms. Pittman had been disciplined with a one-day suspension and a termination that was later rescinded for, among other things, accepting overtime pay for which she did not work. Problems with discipline and poor work performance continued after her transfer. On March 10, 2004, Ms. Pittman was suspended for five days without pay after refusing direct instructions from her supervisors, including Dr. Warren, to tuck in her work shirt. In the written March 10 disciplinary action, Ms. Pittman was warned that "[a[ny future actions on your part, which violate the labor agreement...will result in your termination." On April 20, 2004, Dr. Warren completed Ms. Pittman's first employment review after her transfer and rated her performance as average to below average.

In the weeks leading up to Ms. Pittman's termination, lead custodian Dennis Badur had asked Ms. Pittman several times to turn in her written work schedule, but she hadn't done so. On May 6, Ms. Pittman was seen in a car with her husband off of school grounds at 4:30 p.m. Ms. Pittman said she was on her 15-minute break; South Bend School says it can't confirm that she was on her break since she hadn't turned in her schedule. The next day, she again left the school grounds

4

with another employee. The school also considered this an unauthorized absence because of her failure to turn in a schedule.

After these incidents, Mr. Badur received a note from athletic trainer Tom Fron, complaining that the training room was being cleaned improperly. On May 12, Dr. Warren inspected the PE deck, which she also found to be cleaned inadequately. Both areas were Ms. Pittman's responsibility. Dr. Warren recommended that Ms. Pittman be terminated for not turning in a work schedule, for leaving school grounds during work hours, and for her performance. Superintendent Raymond approved that recommendation on May 28, 2004.

Ms. Pittman filed a charge with the South Bend Human Rights Commission stating that Dr. Warren terminated her because of her race and marital status. The charge also alleged that Frank Macri, who had been her supervisor before the transfer to Clay, had harassed her from 1999 to 2000. Ms. Pittman received a notice of right to sue from the EEOC and filed a timely complaint with this court. The complaint alleges violations of Title VII, 42 U.S.C. § 1981, and state defamation and harassment law.[1]

Title VII of the Civil Rights Act of 1964 states that it "shall be an unlawful employment practice for an employer . . . to discharge any

---

[1] Ms. Pittman's complaint also alleged that her request for arbitration had been denied, but uncontroverted evidence indicates that there was no arbitration because the union failed to timely initiate the grievance process. No action by South Bend School Corporation prevented her from presenting a grievance.

5

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[2] 42 U.S.C. § 2000e-2(a)(1). To prevail on a racial discrimination claim, a plaintiff must show either direct evidence of discriminatory motive or intent or rely on the indirect burden-shifting method outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). "Direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus," Radue v. Kimberly-Clark Corp., 219 F.3d 612, 616 (7th Cir. 2000), or the plaintiff's "constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker'." Rhodes v. Illinois Dept. Of Transp., 359 F.3d 498, 504 (7th Cir. 2004) (*quoting* Troupe v. May Dept. Stores Co., 20 F.3d 734, 737 (7th Cir. 1994)). The circumstantial evidence cited "must point directly to a discriminatory reason for the employer's action." Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 939 (7th Cir. 2003). Ms. Pittman's complaint refers to no direct evidence of racial discrimination, and she has not created a "convincing mosaic" of circumstantial evidence.

Ms. Pittman, then, must proceed to establish discrimination using the indirect method of proof established by McDonnell Douglas. To

---

[2] Ms. Pittman also claims that she was discriminated against because of her marital status, but Title VII does not cover such discrimination.

establish a *prima face* case under this framework, she must show that "[s]he is a member of a protected class, that [s]he suffered an adverse employment action, that [s]he was meeting [her] employer's legitimate performance expectations, and that [her] employer treated similarly situated employees who were not in the protected class more favorably." Stalter v. Wal-Mart Stores, Inc., 195 F.3d 285, 289 (7th Cir. 1999).

Although Ms. Pittman has shown that she is a member of a protected class and suffered an adverse employment action, she hasn't fulfilled the last two elements. South Bend School Corporation has pointed to several incidents where Ms. Pittman failed to meet expectations and these provide justification for her termination: Ms. Pittman disobeyed her supervisor's request to produce her work schedule, she left her work area twice without authorization, and she received two complaints regarding her job performance. Although Ms. Pittman contends that she was on break at the times she was seen off of school property, it appears that South Bend School regards such absences as unauthorized when employees have not turned in their schedules.

Ms. Pittman hasn't presented any evidence that employees outside the protected class were treated more favorably. In her deposition, Ms. Pittman indicated that when she attempted to transfer to Clay a Caucasian couple, Pat and Rebecca Melton, were treated more favorably.

7

Dr. Warren acknowledges that she had a discussion with Ms. Pittman in which she expressed concerns about Ms. Pittman working on overlapping shifts and at the same school as her husband. Dr. Warren also had similar discussions with Caucasian employees who sought to transfer to where their spouses worked, and she ultimately allowed both Ms. Pittman and the Melton's transfer. Further, several months separated Ms. Pittman's transfer to Clay and her eventual termination. *See* Kelly v. Municipal Courts of Marion County, Ind., 97 F.3d 902, 912 (7th Cir. 1996) ("the four-month delay between Kelly's decision not to work at the polls and his termination seems to undercut any inference that Kelly's withdrawal from politics was a substantial or motivating factor in Mayer's decision to fire Kelly."). Ms. Pittman cannot establish a prima facie case of discrimination.

The South Bend School Corporation is also entitled to summary judgment on Ms. Pittman's claim of harassment under Title VII. To succeed on a claim of harassment, the plaintiff must show that the "workplace is permeated with discriminatory conduct – intimidation, ridicule, insult – that is sufficiently severe or pervasive to alter the conditions of [her] employment." Silk v. City of Chicago, 194 F.3d 788, 804 (7th Cir. 1999). In her deposition, Ms. Pittman cited two instances in which she felt Mr. Macri harassed her: one in 1999 and one in 2003.[3] To

---

[3] Ms. Pittman also claims that Dr. Warren was harassed her because of her marital status, but Title VII does not address such claims.

pursue any claim under Title VII, a plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful conduct. 42 U.S.C. § 2000e-5(e). Failure to do so bars the claim. Snider v. Belvidere Twp., 216 F.3d 616, 618 (7th Cir. 2000). Ms. Pittman filed her charge on January 5, 2005, so claims based on conduct occurring in 1999 and 2003 are barred.

For the reasons given for the failure of Ms. Pittman's Title VII racial discrimination claim, so to does her claim under 42 U.S.C. § 1981 fail.

> While section 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical. A plaintiff bringing suit under section 1981 or Title VII can meet his burden of proof for establishing intentional discrimination either through direct proof of discriminatory intent, or through the indirect, burden-shifting method of proof first elaborated in McDonnell Douglas.

Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1472 (7th Cir. 1993) (*overturned on other grounds*). Just as Ms. Pittman hasn't presented evidence that would allow a reasonable trier of fact to find that her termination was racially motivated for purposes of Title VII, her showing also falls short for purposes of § 1981.

Finally, Ms. Pittman's defamation and harassment claims under state law also fail. South Bend School contends, and Ms. Pittman does not deny, that she did not file the tort claims notice the Indiana Tort Claims Act requires. Under IND. CODE § 34-13-3-8(a), "a claim against a political subdivision is barred unless notice is filed with:   (1) the

9

governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." The Indiana Tort Claims Act applies to claims against school corporations. <u>Meury v. Eagle-Union Community School Corp.</u>, 714 N.E.2d 233, 241 (Ind. Ct. App. 1999). Ms. Pittman's state law claims are barred.

For the foregoing reasons, South Bend School Corporation's motion for summary judgment [Doc. No. 32] is GRANTED.[4]

SO ORDERED.

ENTERED:   April 24, 2007

　　　　　　　　　　　　　　　　　　Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　United States District Court

---

[4] South Bend School Corporation also argues that it is entitled to summary judgment because Ms. Pittman destroyed evidence that would have been helpful to its case. Because this court has determined that each of Ms. Pittman's claims fail as a matter of law, it is not necessary to address this issue.